NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC SHANE SILVEIRA,<br><br>                    Plaintiff-Appellant,<br><br> v.<br><br> BRIAN KOEHN; et al.,<br><br>                    Defendants-Appellees. | No.    19-16270<br><br> D.C. No.<br>  2:15-cv-01452-GMS-CDB<br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted November 9, 2021[**]

Before:  OWENS, BADE, and LEE, Circuit Judges.

Eric Silveira, a California state prisoner previously incarcerated in the

Florence Correctional Center ("FCC"), appeals pro se from the district court's

grant of summary judgment in his 42 U.S.C. § 1983 action for (1) failure to

exhaust administrative remedies for his claim of retaliation in violation of the First

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Amendment, and (2) failure to show he was not provided with adequate nutrition in violation of the Eighth Amendment. Silveira also challenges the district court's taxation of costs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.     "We review de novo a district court's grant of summary judgment." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). The district court properly granted summary judgment on the retaliation cause of action because Silveira failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Silveira admits that he did not file any grievance against Defendant Mariscal for retaliation. Instead, he argues that the administrative process was unavailable or exhaustion would be futile. These arguments lack merit. Most notably, Silveira filed and exhausted other grievances against FCC officials, yet he failed to provide a sufficient explanation why he was

---

[1] Silveira also seems to assert that portions of his complaint were improperly dismissed for failure to state a claim under 28 U.S.C. § 1915A, and that the district court failed to properly review evidence he submitted. Because these assertions are not supported by argument or citation to any portions of the record, we deem them abandoned. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (holding, in pro se appeal, that claims not supported by argument are deemed abandoned unless failure to consider them would result in manifest injustice); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

unable to file a grievance for retaliation.[2] *See Albino*, 747 F.3d at 1172 (holding

that once a defendant establishes there was an available administrative remedy and

the prisoner did not exhaust that remedy, "the burden shifts to the prisoner to come

forward with evidence showing that there is something in his particular case that

made the existing and generally available administrative remedies effectively

unavailable to him").

2.      The district court properly granted summary judgment, concluding there

were no issues of material fact that Silveira's claims of inadequate food or nutrition

rose to the level of an Eighth Amendment violation.  *LeMaire v. Maass*, 12 F.3d

1444, 1456 (9th Cir. 1993).  Silveira failed to present evidence that the food he

received did not maintain health.  *Id.*  The record establishes weight loss; however,

Silveira's weight never dropped below normal limits.  Further, the record

establishes that Silveira's labs and medical examinations showed no evidence of

malnutrition.  Nothing in the record, beyond Silveira's speculation, evidences that

Silveira's other claimed health issues were associated with an inadequate diet.

Additionally, Silveira failed to establish that the prison officials engaged in

"a purposeful act or fail[ed] to respond to a prisoner's . . . possible medical need."

---

[2] Even if we were to agree that Silveira did not need to exhaust his remedies, Silveira (at a minimum) failed to establish that the alleged adverse action—his transfer to another housing unit—"did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

*Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). The record establishes that FCC officials took steps to ensure the accuracy of Silveira's meals and attempted to remedy shortages and portion inconsistencies. This evidence precludes a conclusion of an intentional or deliberate act to deprive Silveira of adequate food and nutrition. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

3.     The district court did not abuse its discretion in awarding Defendant Mariscal $224.55 in costs. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1262 (9th Cir. 2016) (award of costs to prevailing party reviewed for abuse of discretion). Silveira timely objected to these costs and the district court did not provide reasons for awarding costs notwithstanding his objection, but "a district court need not give affirmative reasons for awarding costs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (holding that the presumption in favor of awarding costs to a prevailing party "provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption").

**AFFIRMED.**